United States District Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY WILLIS, § | |
| TDCJ # 00794591, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-4220 |
| § | |
| LT. ANTHONY HOWARD, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tommy Willis filed this suit when he was incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ) and alleges that his civil rights were violated during his incarceration. He proceeds *pro se* and *in forma pauperis*. Willis filed a complaint (Dkt. 1) and, as directed by the Clerk, an amended complaint (Dkt. 7) on the Court's form. Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(a). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.     **BACKGROUND**

Willis signed his complaint in this action on December 15, 2021, and it was docketed on December 27, 2021. He brings civil rights claims against more than 20 defendants. He alleges that each defendant was deliberately indifferent to his serious medical needs and/or failed to intervene or protect him (Dkt. 1, at 3-10; Dkt. 7, at 5-8).

Willis claims that he was subjected to unnecessary and excessive force on January 14, 2016, resulting in a serious injury to his left hand, while incarcerated at the Estelle Unit. He alleges that the defendants, including security and medical staff, were deliberately indifferent to his serious medical need for four days. On January 17, 2016, he was transported to Huntsville Memorial Hospital, where he received pain medication and x-rays. Willis alleges that, after he returned to the Estelle Unit, he did not receive assistance from medical staff for 30 days ((Dkt. 1, at 11-25; Dkt. 7, at 9-17).

On April 22, 2016, Willis had surgery at the University of Texas Medical Branch for injuries to his left hand that resulted from the use-of-force on January 14, 2016. He states that, on the day of his surgery, a medical doctor told him that the condition of his left hand would "constantly diminish" and "would never regain full potential" (Dkt. 1, at 26-27).

Willis' filings refer to a previous case he filed regarding the same use-of-force incident. *See Willis v. Howard*, Civil Action No. 4:17-1594 (S.D. Tex.). In Civil Action No. 4:17-1594, the Hon. David Hittner appointed counsel to represent Willis and his use-of-force claim was tried to a jury. On December 16, 2022, the jury returned a verdict in

favor of the defendant, finding by a preponderance of the evidence that Anthony Howard did not use excessive force that caused harm to Willis. *Id*. (Dkt. 166). The court then entered final judgment. *Id*. (Dkt. 170). On January 12, 2023, Willis appealed. His appeal (No. 23-20014) is pending in the Fifth Circuit.

## II.  THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* 28 U.S.C. § 1915A. A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as that for a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the

complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III.   DISCUSSION

Willis' civil rights claims arise under 42 U.S.C. § 1983, which provides a vehicle for claims against persons "acting under color of state law," such as prison officials, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). Claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM.

CODE § 16.003(a). The two-year limitations period "begins to run once the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). A complaint that is plainly untimely is subject to dismissal as legally frivolous. *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling"); *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

In this case, Willis alleges that the defendants caused him harm between January 14, 2016, when he was subjected to a use-of-force incident, and April 22, 2016, when he received surgery for his injuries. He states that, at the time of surgery, a doctor informed him that his left hand's condition would continue to diminish. Because Willis was aware of his injury in 2016, the two-year statute of limitations apparently expired in 2018.[1] Willis signed his initial complaint on December 15, 2021, and does not plead facts that would warrant a later expiration of the limitations period. His complaint therefore is over three years late and must be dismissed as time-barred.

---

[1] A plaintiff's pursuit of administrative remedies can, in some cases, toll the limitations period. *See Gartrell*, 981 F.2d at 257-58. However, Willis does not plead specific facts about his exhaustion of administrative remedies or the dates that any grievances were denied, and thus fails to raise a basis for tolling that could render his complaint timely. *See Frame*, 657 F.3d at 240.

## IV.  CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint filed by Tommy Willis is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) and 28 U.S.C. §1915(e)(2)(B) as time-barred and legally frivolous.  All pending motions, if any, are denied as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on _____June 27_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE